UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
John Nash,

         Plaintiff,    Case No. 24-05412 (VSB)

  -against-        **DECLARATION IN SUPPORT**
              **OF REQUEST FOR ISSUANCE**
FOXO Technologies, Inc.,     **OF ORDER TO SHOW CAUSE**
              **ON DEFENDANT'S DEFAULT**
        Defendant
-----------------------------------------------------------------X

  **JOHN E. LAWLOR, ESQ.**, an attorney-at-law admitted to practice before this Court, declares the following under the penalties of perjury pursuant to 28 U.S.C. §1746:

  1. I am the attorney for the Plaintiff herein and I make this affirmation in support of Plaintiff's request for the issuance of an Order to Show Cause for default judgment against the Defendant FOXO Technologies, Inc.

  2. This action was commenced by the filing of a Summons and Complaint on July 17, 2024, ECF Docket Nos. 4, 1, respectively, copies of which are filed herewith as Exhibit 1[1].

  3. The Summons and Complaint was served on was served on Defendant FOXO Technologies, Inc. by personally serving Justin Woods, on behalf of Registered Agent Solutions, Inc. on July 19, 2024 (ECF Doc. No. 5), and proof of service therefor was filed on July 22, 2024, ECF Doc. No. 5. See Exhibit 2[2].

  4. To my own knowledge based on publicly available filings through, inter alia, the sec.gov website, the common stock of FOXO Technologies, Inc. is publicly traded and as such FOXO Technologies, Inc. is required to file periodic reports with the U.S. Securities and Exchange Commission.

---

[1] In accordance with your Honor's Individual Rules, Attachment A, Item 3.C.
[2] In accordance with your Honor's Individual Rules, Attachment A, Item 3.D.

5. That according to FOXO Technologies Inc.'s most recent Form 10-Q as filed with the U.S. Securities and Exchange Commission for the period ending June 30, 2024 (filed on August 19, 2024), FOXO Technology, Inc. is a Delaware corporation with its principal place of business at 729 N. Washington Avenue, Minneapolis, Minnesota, 55401. See Exhibit 3 (page 1 only).

6. That, according to the Delaware Secretary of State's website, FOXO Technologies, Inc.'s designated registered agent is Registered Agent Solutions, Inc., 838 Walker Road, Ste. 21-2, Dover, DE 19904. See Exhibit 4.

7. In addition, a copy of the Summons and Complaint was served by Certified Mail, Return Receipt Requested on July 19, 2024 and the Return Receipt indicates that service of same was received on July 24, 2024. See Exhibit 5.

8. That the Senior Promissory Note (Complaint Exhibit 1, hereinafter "Note") provides at para. 11 thereof:

> Borrower hereby consents to process being served in any suit, action, or proceeding instituted in connection with this Note by (i) the mailing of a copy thereof by certified mail, postage prepaid, return receipt requested, to Borrower; and (ii) serving a copy thereof upon the agent, if any, designated and appointed by Borrower in the State of Delaware as Borrower's agent for service of process. Borrower irrevocably agrees that such service shall be deemed to be service of process upon Borrower in any such suit, action, or proceeding. Nothing in this Note shall affect the right of Holder to serve process in any manner otherwise permitted by law and nothing in this Note will limit the right of Holder otherwise to bring proceedings against Borrower in the courts of any julisdiction or jurisdictions.

9. That, based on the foregoing, service of the Summons and Complaint was effected on defendant FOXO Technologies, Inc. in compliance with F.R.Civ.Pr. Rule 4(h)(1)(B) by service on its agent authorized by appointment and/or by law to receive service of process and the pleading to which no response has been made was properly served.

10. That, based on the foregoing, service of the Summons and Complaint was effected on defendant FOXO Technologies, Inc. in compliance with the terms of the Note and the pleading to which no response has been made was properly served.

11. FOXO Technologies, Inc. has failed to plead or otherwise defend the action.

12. Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.Civ.Pr. 55(a). A Certificate of Default was entered in this action on August 22, 2024, ECF Doc. No. 10, Exhibit 6[3]. Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. F.R.Civ.Pr. 55(b)(2).

13. On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). In determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). The "well pleaded" allegations in the complaint in this action establish that the defendant executed a Promissory Note in favor of the Plaintiff in the principal sum of $500,000 with interest thereon (Complaint para. 6) and that defendant is in default of its obligations to repay same (Complaint paras. 7, 8 and 9).

14. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup,

---

[3] In accordance with your Honor's Individual Rules, Attachment A, Item 3.E.

Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also, Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). The court has an independent obligation to assess requests for damages, which "usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, supra, 973 F.2d at 158; see also, F.R.Civ.Pr. Rule 55(b)(2) (providing that "the court may conduct ... a hearing" to determine the amount of damages on default judgment). However, no hearing is required "as long as [the court] ensure[s] that there [i]s a basis for the damages specified in the default judgment." Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). This requirement may be satisfied "upon a review of detailed affidavits and documentary evidence." Metro Found. Contractors Inc., 699 F. 3d at 234; see also, McLean v. Wayside Outreach Dev. Inc., 624 Fed.Appx. 44, 45 (2d Cir. 2015).

15. The Note annexed to the Complaint has a stated principal amount ($500,000), contains the signature of the party obligated under the Note and also provides for a Mandatory Default Amount of 130% of the outstanding principal amount. Note para. 8(a); Complaint para. 11. In light of Defendant's default(s) under the Note, entry of a judgment representing the Mandatory Default Amount is in accordance with the parties' agreement, proper and calculable with arithmetic certainty at $650,000 without reference to extrinsic evidence.

16. As also properly pled in the Complaint, and as provided by para. 2(d) of the Note:

> If any amount payable by Borrower under any Loan Document is not paid when due, such amount shall thereafter bear interest at the Past Due Rate . . . at a rate per annum equal to twenty-two percent (22%) compounded annually and computed on the basis of a 360-day year, . . .

4

17. As such a judgment for interest in is in accordance with the parties' agreement, proper and calculable with arithmetic certainty without reference to extrinsic evidence.

18. As also properly pled in the Complaint, and as provided in para. 10 of the Note:

> Borrower agrees to pay to Holder on demand all costs and expenses incurred by Holder in seeking to collect this Note or to enforce any of Holder's rights and remedies under the Loan Documents, including court costs and reasonable attorneys' fees and expenses, whether or not suit is filed hereon, or whether in connection with bankruptcy, insolvency, or appeal.

19. My retainer agreement with this client for this matter provides for attorney's fees of "Ten (10%) Percent of the net sum recovered, whether recovered by suit, settlement or otherwise prior to trial;..." As such, attorney's fees are requested as an element of the final judgment herein in accordance with the parties' agreement and my retainer agreement with this client and that amount is proper and calculable with arithmetic certainty without reference to extrinsic evidence.

20. Based on the foregoing, the proposed damages sought[4] are, as established by the Note attached to the complaint as follows:

| | |
|---|---|
| --Mandatory Default Amount due under the Note | $650,000; |
| --interest as provided in the Note in an amount to be computed but representing 22% interest on $650,000 from the date of default, November 1, 2023 | tbd |
| --attorney's fees | $ 65,000. |
| --costs per statute | waived. |

**WHEREFORE,** Plaintiff requests the issuance of an Order to Show Cause for default judgment against the defendant FOXO Technologies, Inc. substantially in the form as filed herewith.

---

[4] In accordance with your Honor's Individual Rules, Attachment A, Item 3.B, a proposed judgment is filed herewith as Exhibit 8.

Dated: Mineola, N.Y.
       September 20, 2024

                                                  _____
                                                  **JOHN E. LAWLOR, ESQ.**
                                                  129 Third Street
                                                  Mineola, New York 11501
                                                  Tel. No. (516) 248-7700
                                                  Fax No. (516) 742-7675
                                                  JLawlor@johnelawlor.com
                                                  *Attorneys for Plaintiff*