UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/20/2025
```

John Nash,

                            Plaintiff,

            -against-

FOXO Technologies Inc.,

                            Defendant.

1:24-cv-05412 (JAV) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Defendant FOXO Technologies Inc. ("Defendant" or "Foxo"), pursuant to Rule 55(c) and Rule 6(b)(2) of the Federal Rules of Civil Procedure, to vacate the Clerk's Certificate of Default entered against it and to enlarge its time to answer the Complaint. (Def.'s Not. of Mot., ECF No. 26.) For the reasons set forth below, Defendant's motion is GRANTED.[1]

**BACKGROUND**

On July 17, 2024, Plaintiff John Nash ("Plaintiff" or "Nash") filed his Complaint against Foxo seeking damages for Foxo's alleged breach of the terms of a promissory note, dated September 20, 2022, that was attached as an exhibit to the Complaint (the "Promissory Note"). (Compl., ECF No. 1; *see also* Promissory Note, Ex. 1 to Compl., ECF No. 1-1.) The Promissory Note was one of a series of notes (the "Senior PIK Notes") that were issued to Nash and other lenders (collectively, the "Holders") pursuant to a Senior Promissory Note Purchase Agreement, dated

---

[1] A motion to set aside entry of default is subject to disposition by a Magistrate Judge as a nondispositive pretrial motion under 28 U.S.C. § 636(b)(1)(A). *See Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018), *aff'd*, 800 F. App'x 18 (2d Cir. 2020). Thus, the Court is deciding the instant motion by an Opinion and Order, rather than making a recommendation to the presiding judge.

September 20, 2022 (the "Purchase Agreement"). (Lagan Decl., ECF No. 28, ¶ 3; *see also* Purchase

Agmt., Ex. 2 to Lagan Decl., ECF No. 28-2.) Section 22 of the Promissory Note provides that it

cannot be amended, "except in a written instrument signed . . . by [Foxo] and 50.01% of the

Holders of the [Senior PIK Notes] based upon the Aggregate Original Principal Amount of the

[Senior PIK Notes]."[2] (Promissory Note at 10-11.)

On July 18, 2024, the Clerk of Court issued a Summons as to Foxo. (Summons, ECF No. 4.)

On July 19, 2024, the Summons and Complaint were served on Registered Agent Solutions, Inc.

("Registered Agent"),[3] which was Foxo's registered agent in Delaware. (7/22/24 Aff. of Service,

ECF No. 5.) Foxo's current Chief Executive Officer ("CEO"), Seamus Lagan ("Lagan"), has filed a

sworn Declaration stating that neither Mark White ("White"), who was Foxo's CEO on July 19,

2024, "nor anyone else in Foxo's management received a copy of the [S]ummons and

[C]omplaint[,]" and that "[a] subsequent investigation revealed that Foxo's registered agent in

Delaware [*i.e.*, Registered Agent] did not have the correct contact information for Foxo." (Lagan

Decl. ¶ 7.)

---

[2] Relatedly, the Purchase Agreement provides in relevant part:

> No provision of this Agreement may be waived, modified, supplemented or amended except in a written instrument signed, in the case of an amendment, by the Company and [Holders] which purchased at least 50.01% in interest of the [Senior PIK] Notes based on the Aggregate Principal Balance (as defined in the Notes) of the Notes purchased hereunder . . ., provided that if any amendment, modification or waiver disproportionately and adversely impacts a [Holder] (or group of [Holders]), the consent of such disproportionately impacted [Holder] (or group of [Holders]) shall also be required.

(Purchase Agmt. § 5.5.)

[3] Registered Agent "act[s] as agent[] for companies: [it] provide[s] addresses that accept service of legal documents, then process[es] those documents and forward[s] them to the client company." *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, No. 21-CV-00786 (SB), 2022 WL 911253, at *1 (D. Del. Mar. 28, 2022).

Foxo failed to timely respond to the Complaint. (*See* Lawlor 10/14/24 Decl., ECF No. 14, ¶ 11.) On August 20, 2024, Nash sought a Clerk's Certificate of Default. (*See* Pl.'s Prop. Clerk's Certificate of Default, ECF No. 7; Lawlor 8/21/24 Decl., ECF No. 9.) On August 22, 2024, the Clerk of Court issued a Certificate of Default as to Foxo. (Clerk's Cert. of Default, ECF No. 10.) Also on August 22, 2024, District Judge Vernon S. Broderick, who was the presiding judge at the time, directed Nash within 30 days to take action with respect to pursuing a default judgment, in accordance with Judge Broderick's Individual Rules. (*See* 8/22/24 Order, ECF No. 11.) After Nash's papers that were filed on September 20, 2024 were rejected by the Clerk of Court (*see* Filing Error, ECF No. 12), on October 14, 2024, Nash successfully filed papers in support of his request for a default judgment. (*See* Prop. Order to Show Cause, ECF No. 13; Lawlor 10/14/24 Decl.; Prop. Default J., ECF No. 15.)

On October 17, 2024, the Court issued an Order to Show Cause ("OTSC") why an order should not be entered against Foxo, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for the entry of a default judgment against Foxo. (10/17/24 OTSC, ECF No. 16.) After Foxo was served with the OTSC (*see* Aff. of Service, ECF Nos. 17-19), the Court scheduled a telephonic show cause hearing to decide whether a default judgment should be entered against Foxo. (12/4/24 Order, ECF No. 20.)

On December 12, 2024, the Court entered an Order granting "default judgment as to liability" in favor of Nash and against Foxo. (12/12/24 Order, ECF No. 21.) In that Order, Judge Broderick stated that "[t]his case will be referred to the magistrate judge for an inquest on damages and to determine whether any other relief is warranted." (*Id*.) That same day, this case was referred to the undersigned to conduct an inquest. (12/12/24 Order of Ref., ECF No. 22.)

On December 23, 2024, this case was reassigned to District Judge Jeannette A. Vargas. (Not. of Reassignment, ECF No. 23.) On December 31, 2024, counsel for Foxo filed a Notice of Appearance and the instant motion before the Court. (Greenberg Not. of Appearance, ECF No. 24; Def.'s Not. of Mot.; Def.'s 12/31/24 Mem., ECF No. 27; Lagan Decl.) On January 3, 2025, Judge Vargas entered an Amended Order of Reference, referring this case to me for, among other things, general pretrial purposes. (1/3/25 Am. Order of Reference, ECF No. 29.)

On January 13, 2025, Plaintiff filed his opposition memorandum. (Pl.'s 1/13/25 Opp. Mem., ECF No. 31.) On January 17, 2025, Defendant filed its reply memorandum. (Def.'s 1/17/25 Reply, ECF No. 32.)

## LEGAL STANDARDS

Rule 55(a) of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once an entry of default has been made, the defendant may move to set aside the default pursuant to Rule 55(c) for good cause shown. Fed. R. Civ. P. 55(c).

Where, as here, a Certificate of Default has been entered by the Clerk of the Court, but no final default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to Rule 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b).[4] *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he

---

[4] Rule 55(c) provides: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Rule 60(b) applies only to relief from final judgments." *Doe v. Baram*, No. 20-CV-09522 (ER), 2023 WL 4624555, at *7 (S.D.N.Y. July 19, 2023). A final judgment exists only "when there is nothing left for the court to adjudicate." *Murray Eng'g, P.C. v. Windermere Props. LLC*, No. 12-CV-00052 (JPO), 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting

standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com Ltd*., 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

---

*Globe Indem. Co. v. J.T. Falk & Co., Inc.*, No. 91-CV-00271 (PKL), 1992 WL 116630, at *3 (S.D.N.Y. May 15, 1992)). "Where an inquest for damages remains outstanding, no final judgment accordingly has yet been entered." *Doe*, 2023 WL 4624555, at *7. Here, Judge Broderick entered an Order granting a "default judgment as to liability" (referring the case for an inquest regarding damages) (*see* 12/12/24 Order), which was not a final default judgment under the Federal Rules of Civil Procedure. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993) ("a default judgment cannot be entered until the amount of damages has been ascertained").

## DISCUSSION

Applying the relevant factors, the Court, in its discretion, hereby grants Defendant's motion to vacate the Certificate of Default.

## I.    Willfulness Of Default

The Court finds that the Defendant's default was not willful. A finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05-CV-05346 (KMW) (KNF), 2008 WL 3884354, at *2 (S.D.N.Y. Aug. 21, 2008) (quoting *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60-61 (2d Cir. 1996)). Conduct that is "merely negligent or careless" does not suffice. *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Courts should "resolve any doubt about [a defendant's] willfulness in [its] favor." *Raheim v. New York City Health and Hosps. Corp.*, No. 96-CV-01045 (JFB) (CPP), 2007 WL 2363010, at *4 (E.D.N.Y. Aug. 14, 2007) (citing *Enron*, 10 F.3d at 98).

In the present case, as explained by Foxo's current CEO, Lagan, an investigation revealed that Foxo's registered agent in Delaware did not have the correct current contact information for Foxo. (Lagan Decl. ¶ 7.) Foxo's default in August 2024, at the time that the Certificate of Default was entered, was because of Foxo's negligence in failing to provide current contact information to its registered agent.[5] Thus, Foxo's default was negligent, not willful.

---

[5] In mid-October 2024, at the time that Foxo first became aware of this action, Foxo was in the process of changing management. (Lagan Decl. ¶ 9 ("White was on his way out as CEO and would soon be replaced by [Lagan]").) Once Lagan was installed as Foxo's new CEO, in December 2024, he promptly retained counsel to address Foxo's default. (*Id.* ¶ 11.)

**II.**    **Establishment Of A Meritorious Defense**

The Court finds that Foxo has established a meritorious defense. Courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor. *See*, *e.g.*, *Allen v. Norman*, No. 08-CV-06041 (BSJ) (HBP), 2012 WL 3525584, at *6 (S.D.N.Y. July 23, 2012) ("[W]hether a meritorious defense is presented[] requires only that the defendant meet a low threshold"); *see also Am. All. Ins. Co., Ltd. v. Eagle Ins*. Co., 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Foxo has made a showing that this action likely will become moot because the Promissory Note at issue will be cancelled and satisfied in full. Specifically, on October 18, 2024, Foxo received the approval of over 50.01% of the Holders of the Senior PIK Notes based on aggregate principal balance to enter into Amendment No. 1 (the "Amendment").[6] (Lagan Decl. ¶ 5; Amendment, Ex. 3 to Lagan Decl., ECF No. 28-3.) Pursuant to the Amendment, the Senior PIK Notes are to be automatically exchanged into shares of Foxo's Series B Cumulative Convertible Redeemable Preferred Stock (the "Series B Preferred Stock") effective as of 5:00 pm Eastern time on the second business day after the date on which Foxo's shareholders approve the conversion of the Series B Preferred Stock into shares of Class A Common Stock (the "Automatic Conversion Date"). (Amendment at PDF pp. 1-2.) Under the terms of the Amendment, upon the Automatic Conversion Date, "all [Senior PIK] Notes (including all accrued and unpaid Interest) shall be cancelled and satisfied in full." (*Id*. at PDF p. 2.)

---

[6] As noted in the Background Section, *supra*, Plaintiff's Promissory Note could be amended by a written instrument signed by Foxo and 50.01% of the Holders of the Senior PIK Notes.  (*See* Promissory Note at 10-11.)

On January 17, 2025, the shareholders of Foxo approved the conversion of Foxo's Series B Preferred Stock into shares of Foxo's Class A Common Stock. (Lagan Reply Decl., ECF No. 33, ¶ 3; *see also* Written Consent, Ex. A to Lagan Reply Decl., ECF No. 33-1.) Thus, pursuant to the terms of the Amendment set forth in the preceding paragraph, on January 21, 2025 (*i.e.*, the second business day after shareholder approval), Plaintiff's Promissory Note, which is one of the Senior PIK Notes (Lagan Decl. ¶ 3), will be cancelled and satisfied in full. Thus, it appears that this action, which is premised upon a breach of Plaintiff's Promissory Note, will be rendered moot on January 21, 2025.

**III.**    **Prejudice Resulting From Vacating The Default**

Finally, Plaintiff has not established that he will suffer any prejudice by having the Certificate of Default vacated. Indeed, although in his four-page opposition memorandum Plaintiff identifies "whether setting aside the default would prejudice the adversary" as a relevant factor (*see* Pl.'s 1/13/25 Opp. Mem. at 1), he fails to set forth any prejudice to him by having the Certificate of Default vacated.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Defendant's motion to vacate the Clerk's Certificate of Default is GRANTED and Defendant's motion to extend its time to answer the Complaint also is GRANTED. No later than February 4, 2025, Defendant shall respond to the Complaint.

**SO ORDERED.**

Dated:      New York, New York
            January 20, 2025

_____
STEWART D. AARON
United States Magistrate Judge